**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

SHANNON MARIE DAVIDSON,

    *Plaintiff*,                      CASE NO. 1:17-CV-12686

v.                                  DISTRICT JUDGE THOMAS L. LUDINGTON
                                          MAGISTRATE JUDGE PATRICIA T. MORRIS

CITY OF ALMA,
ZACHARY FERRIER,
and JACOB GULICK,

    *Defendants*.
_____/

**REPORT AND RECOMMENDATION RECOMMENDING DISMISSING THE COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE UNDER RULE 41(B) AND RECOMMENDING DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS MOOT (R. 30)**

### I. RECOMMENDATION

For the reasons stated below, I recommend dismissing the case without prejudice under Rule 41(b) for failure to prosecute and denying Defendants' motion for summary judgment (R. 30) as moot.

### II. REPORT

**A. Background**

On October 9, 2018, Defendants filed a motion for summary judgment. (R. 30.) Plaintiff was ordered to respond to that motion on October 10, 2018. (R. 32.) Instead of filing a response, Plaintiff filed a motion for more time to secure an attorney and in opposition to dismissal. (R. 34.) Plaintiff was initially represented by counsel but a motion to

1

withdraw was filed and it was granted on June 25, 2018. (R. 21.) In the Order, Plaintiff was instructed that she had 30 days to find new counsel and that if no appearance were filed within that time period, "the Court will assume that Ms. Davison intends to proceed pro se in this matter." (R. 21 at PageID.86.) On June 26, 2018, the Court also granted a motion to stay the case and the deadlines associated with the Court's scheduling Order to and including July 30, 2018, to allow Plaintiff to find new counsel. (R. 24.) I note that Plaintiff was also instructed of the importance of securing new counsel during a settlement conference held on September 11, 2018.

Apparently, Plaintiff was unable to secure new counsel and therefore asked the Court for more time to do so. The Court found that Plaintiff had been given more than enough time and latitude to allow her time to find new counsel so Plaintiff's motion was denied. (R. 38.) In the Order, the Court noted that since Plaintiff had not filed a proper response to the motion for summary judgment filed by all defendants, and since she may have been relying on the Court granting her an extension to find an attorney who could respond to the motion, the court would allow Plaintiff time to file a response to Defendant's motion for summary judgment before analyzing that motion on the merits. The Court gave Plaintiff until January 22, 2019 to file any response to the summary judgment motion and warned Plaintiff that if no response was filed by that date, the Court could also recommend dismissal of Plaintiff's case for failure to prosecute under Fed. R. Civ. P. 41(b). (*Id.*)

Plaintiff has failed to respond to the motion for summary judgment and has not appeared in any way since the Court's Order was entered on January 8, 2019.

    **B. Analysis**

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted). To reckon better with these concerns, the Sixth Circuit has laid out four factors to guide its review of Rule 41(b) dismissals:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015).

Plaintiff proceeds in this action without counsel and the record contains no indication that her tardiness was willful or undertaken in bad faith. Nevertheless, Plaintiff has been unrepresented since July 2018 but has been given numerous extensions so that she could attempt to secure counsel; she has failed to do so and has completely failed to proceed in her *pro se* status. Plaintiff was warned in the most recent communication that if she did not respond, the Court would recommend dismissal under Rule 41(b). Although this case undoubtedly imposes some modicum of prejudice on Defendant, I nonetheless recommend that the dismissal be without prejudice.

### C.     Conclusion

For all the reasons stated above, I suggest that the case be dismissed without prejudice for failure to prosecute under Rule 41(b) and that Defendant's motion for summary judgment be denied as moot.

### III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to

4

this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 22, 2019                           S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Shannon Marie Davidson at 210 Hillsdale Street, Alma, MI 48801.

Date: February 22, 2019                           By s/Kristen Castaneda
                                                  Case Manager

5